Ms. Folgers. Good morning, Your Honors. May it please the Court, my name is Anna Folgers and I represent the appellant, BARTEX RESEARCH, LLC. The sole question in this case is whether or not the District Court committed legal error in its construction of the term scanning process. The District Court's interpretation, which did not require a link or a call to a database, improperly broadens the meaning of a claim term scanning process beyond the limited disclosure in the specification which describes the inventions of the asserted claims 1 and 10. The District Court committed this legal error by failing to consider two critical components of the intrinsic record. The first component is the prosecution history and the second component is the specification itself. Turning to the prosecution history, the application as filed contains 60 claims. The inventor promptly withdrew 37, leaving 23 claims. The examiner issued a requirement that the claims be restricted to just one invention. The examiner was of the opinion that the claims were directed to five distinct inventions and directed the inventor to choose which invention it elected to pursue. If you'd like to look at the record, it's at page 101. The invention that the inventor elected to pursue was invention 1 and the examiner described this invention as being drawn to a barcode having two portions where each portion contains data. This is directed towards the inventions that were eventually pursued and claimed in claims 1 and 10. Notably, the specification was written at this time and that specification stayed the same throughout the course of the prosecution and when the patent issued. That's sort of the background of the prosecution that we think that wasn't really taken into account by the District Court in making its determination of the definition of scanning process. The second component of the intrinsic record was the specification itself. The District Court did not give enough attention to the specific portions of the specification that were directed towards claims 1 and 10, which is only disclosed at columns 5 through 6 and in discussion of figure 7a. It's also undisputed in this record that figure 7a is the only figure that embodies claims 1 and 10. Figure 7a in its discussion at 5 through 6 in the specification references figure 4 and figure 4 discloses that the scanning process links are called to a database. The claim limitation that you're talking about is the limitation scanned by a first barcode scanning process. That's correct. And you're arguing that it should be construed to include an additional limitation. Doesn't that violate the rule of importing limitations from the specification? No. We believe that it's it's clear taking into account the intrinsic record as a whole in light of the prosecution history that the only thing that is related to the inventions of claims 1 and 10 is a scanning process that links or calls to a database. Yeah, but that doesn't necessarily mean that the claims have to be limited to that if the claim doesn't include the additional limitation of linking it to a database. We believe that in the context of the specification there's really no other conclusion that can be garnered from that. If we could turn to the specification at columns 5 through 6. There isn't any ambiguity here in the limitation in the claim. Well, we believe that in describing the invention of claims 1 and 10 and scanning process in particular there is an ambiguity in the specification where it specifically describes the scanning process in relation to claims 1 and 10. At column 6 lines 36 it states in the context of this system the linear barcode information can represent an address for a lookup code of the type described above with reference to figure 4. And turning to figure 4 it specifically and clearly shows the database access system that a client sends a queue to a database and a database sends detail back. Figure 4 is in page 31 of the appendix. I mean maybe claim 1 should have been written in a more narrow fashion. I don't know but it's not our job to rewrite the claim is it? I understand that and I understand that the court's precedent on that but I believe when viewed in the context of what happened during the prosecution there are five inventions disclosed and they elected to pursue one of them. There are many other inventions disclosed in the specification as well but the claims that are directed towards these inventions, claims 1 and 10, are only discussed at 5 through 6 and only discussed in reference to a scanning process that links or calls to a database. But the examiner allowed this broad claim. That's correct. In the face of a restriction but that's the examiner's prerogative is it not? I'm sorry? Isn't that the examiner's prerogative? The examiner is not necessarily bound to that. The fact remains that the claim was I don't believe that's true but with the intrinsic record and the context of the prosecution history and the specification which in our view explicitly states that in this the context of columns 5 through 6 link or call to a database is required for these claims. Are there any other questions? No, we will save your time for rebuttal in that case, Ms. Rogers. Thank you. Ms. Hynes. Thank you. May it please the court. I'd like to address first the specification and the specification support for, excuse me, alternative embodiments that are covered by the scanning process limitation in claims 1 and 10. The specification is clear even with respect to figure 7 that the information in the barcode can either be the barcode, the information itself that can be scanned by the scanning process or that the scanning process can scan information that is a link or call to a database. Column 6 lines 35 through 37 which the district court relied on say that in the context of this system the linear barcode information can represent an address for lookup. That language is permissive. It can represent it. It is not mandatory. It is not that it must represent an address for lookup in the context of figure 7. But there's more in the description in column 6 which is specifically directed to the embodiment in figure 7 and in particular I'd point the court to column 6 lines 44 through 54 of the specification. And there, after discussing that the information can represent a link or a call or a pointer to a database, the specification is quite clear that an additional way of using this information, for example, for scanning products is also contemplated. Scan part 700 may include a additional information about this product such as a description or picture. The specification goes on to state both parts of the barcode may represent information about the product. So even in the context of figure 7 itself the specification is clear that the information in the barcode can be the information itself or the information in the barcode can be a link or a call to a database. So the figure 7 embodiment represents both alternatives that the district court correctly found were covered by broadly reciting scanning process. Other portions of the specification are clear as well and that includes figure 4. Now figure 4 is referenced in the permissive language can, that is the information can represent the link or call to a database. There's a reference also made to figure 4 and figure 4 is clear as well and the description in the specification with respect to figure 4 is clear in stating at lines 24 through 33 of column 4 the contents can directly represent that information in which case the information is input to the to the client. Alternatively the information can represent a pointer to a database. So the figure 4 embodiment which is referenced by figure 7 is clear that there's an alternative. The information, the contents can directly represent the information or the information can represent a pointer to a database. Other portions of the specification are clear as well. In fact in three separate instances in the specification the patentee explains that alternatively the information can represent a pointer to a database while the information can also represent, the barcode can represent the actual information itself and that is what's captured by the district court's construction of scanning process. It's not that the database is excluded, it is that it is included along with the barcode representing the information itself. Now Ms. Folgers also referenced the prosecution history. We believe the prosecution history supports the district court's construction as well in two separate ways. In the originally filed claims, claim 47 stated that the barcode represents an address and claim 48 indicated that that address could point to a database. By including those claims it was clear that the distinguishes the claims that were pursued and that ultimately issued here. The same is true with respect to the re-examination. In re-examination the patentee added new claim 23 and in new claim 23 which includes language very similar to the claims 1 and 10 here, the patentee added language that the first barcode scanning process links to at least one database. That shows as well that when the patentee wanted to include claims with database access he knew how to do that. In FedEx's view there is no ambiguity in the intrinsic record. Because there's no ambiguity in the intrinsic record there's no need to look at anything else and the district court's construction of scanning process should be affirmed and the holding of invalidity should be affirmed. One final point. Even under the construction proposed by Bartex, in FedEx's view the claims are also invalid. The prior art is clear that even construing scanning process to include a link or a call to a database and including that functional ability which is how Bartex says the claims must be read, the prior art includes clearly and unambiguously in the 289 patents, in the ISO 99 standard and in the other publications that we address in our brief that the prior art discloses that functional ability. So even under the construction that Bartex urges the judgment of invalidity should be affirmed. Thank you Ms. Hines. Ms. Folgers. I would first like to respond to counsel pointing out the use of the word can in the section of the specification that describes the inventions of claims 1 and 10. We admit that can does not mean the word must but taken into the precise context in which these claims were drafted and arose we believe that no other alternatives were discussed and therefore no other alternatives should be limited, no other alternatives should be imported into the claims. It's listed essentially says can be x and that's all it says. If it said can be x, can be y, can be z, we would understand including x, y, and z in the definition of scanning process but in terms of what that scanning process does at that point in the specification and in its description of claims 1 and 10 it is can be x, that's all that there is. So while it says can, we believe that it should be read in light of the prosecution history and the specification. Turning to counsel's argument regarding claims 48, claim 48 depended from claim 47 which also depended from claim 40 and scanning process wasn't using that our conclusion that the inventor used scanning process and database access interchangeably. Scanning process was used in claim 1 which was the subject of invention 1. Claim 48 was the subject of a completely distinct non-elected invention which was in invention 4 and invention 4 was described as being drawn to forming a communication with a barcode forming supplemental information and the examiner concluded that these two inventions were related one as a process and one as an apparatus for performing that process. So we believe that because they were interrelated as such one was the process and the other was the apparatus that performed the process they used the word scanning process and database access interchangeably. In regards to giving light to what happened during the prosecution, the addition of claim 23, we would like to note that during the re-exam the PTO is required to give the broadest reasonable interpretation possible to the claims. Therefore we do believe that this different standard, well this standard is very different from the standard used obviously as advocated by this court to construe the claim terms under rules of claim construction as advocated by this court in Phillips. The standards are different. We'd also like to note that the re-exam at this moment it's not a final decision and we'd also caution that using statements in the prosecution using statements in the re-exam could set a dangerous precedent that the meaning and scope of claim terms could be modified broadened or limited years later after the patent had issued when this court states that during the claim construction process the meaning of claim terms are supposed to be judged at the time of the filing of the invention. And lastly in regards to counsel's argument in regards to the invalidity of the patent, Bartok agrees that if this court affirms the construction of the district court's term scanning process that the patent is invalid. But there are genuine issues of material fact should the district court decide to reverse the definition of the term scanning process the district court took and that the district court on remand must weigh the merits of the agreement on those evidentiary issues. Okay, any questions for Ms. Folgers? Any questions? Thank you. Thank you Ms. Folgers, Ms. Hines. Case is taken under submission.